UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| DENVER G. SMITH,<br><br>        Petitioner,<br><br>    v.<br><br>ROB MCKENNA,<br><br>        Respondent. | Case No. C08-5349 BHS/KLS<br><br>REPORT AND RECOMMENDATION TO DENY APPLICATION TO PROCEED *IN FORMA PAUPERIS*<br><br>**Noted for: July 18, 2008** |

This case has been referred to Magistrate Judge Karen L. Strombom pursuant to 28 U.S.C. § 636(b)(1) and Local MJR 3 and 4. Petitioner is a Washington state inmate at the Prairie Correctional Facility in Appleton, Minnesota. Because Petitioner appears to have sufficient funds with which to pay the $5.00 court filing fee, the undersigned recommends the Court deny the application. The Court also recommends that if Petitioner chooses to pursue this action and pay the filing fee, he should be ordered to amend his petition to name the proper Respondent.

**I.  DISCUSSION**

The district court may permit indigent litigants to proceed *in forma pauperis* upon completion of a proper affidavit of indigency. *See* 28 U.S.C. § 1915(a). However, the Court has broad discretion in denying an application to proceed *in forma pauperis*. *Weller v. Dickson*, 314 F.2d 598 (9th Cir. 1963), *cert. denied*, 375 U.S. 845 (1963).

Several district courts have ruled that denial of *in forma pauperis* status is not unreasonable when a prisoner is able to pay the initial expenses required to commence a lawsuit. *See Temple v. Ellerthorpe*,

REPORT AND RECOMMENDATION
Page - 1

586 F.Supp. 848 (D.R.I. 1984); *Braden v. Estelle*, 428 F.Supp. 595 (S.D.Tex. 1977); *U.S. ex rel. Irons v. Com. of Pa.*, 407 F.Supp. 746 (M.D.Pa. 1976); *Shimabuku v. Britton*, 357 F.Supp. 825 (D.Kan. 1973), *aff'd,* 503 F.2d 38 (10th Cir. 1974); *Ward v. Werner*, 61 F.R.D. 639 (M.D.Pa. 1974).

By requesting the Court to proceed *in forma pauperis*, Petitioner is asking the government to incur the filing fee because he allegedly is unable to afford the costs necessary to proceed with his petition for *habeas corpus*. Petitioner's application reflects that he earns approximately $60.00 per month at his prison employment, has $54.57 to his credit in his prison account and receives a monthly pension from the U.S. Army, which he sends to his wife. (Dkt. # 1, p. 1). While the undersigned recognizes that the funds to which Petitioner has access may not be great, given the fact that a prisoner's basic needs are provided for while incarcerated and the minimal filing fee required to proceed with this action ($5.00), it is not unreasonable to expect Petitioner to pay that fee from those funds.

In addition, the Court notes that Petitioner has failed to correctly name the Respondent, thereby depriving this Court of personal jurisdiction. *United States v. Giddings*, 740 F.2d 770, 772 (9th Cir. 1984). Respondent has named only Rob McKenna, the Washington Attorney General, as respondent. As Petitioner is a Washington state prisoner housed in an out-of-state facility, the inclusion of Mr. McKenna as a respondent is proper. However, 28 U.S.C. § 2243 requires that writs are to be directed "to the person having custody of the person detained." The proper respondent in a federal habeas corpus petition is the petitioner's "immediate custodian." *Demjanjuk v. Meese*, 784 F.2d 1114, 1115 (D.C.Cir. 1986).

A custodian "is the person having a day-to-day control over the prisoner. That person is the only one who can produce 'the body' of the petitioner." *Guerra v. Meese*, 786 F.2d 414, 416 (D.C.Cir. 1986). Thus, Petitioner's custodian for purposes of his habeas corpus petition challenging the execution of his Washington state sentence, is the warden of the prison where he is currently confined. *See, e.g.*, *Brittingham v. United States*, 982 F.2d 378 (9th Cir. 1992); *Dunne v. Henman*, 875 F.2d 244, 249 (9th Cir. 1989). Because Petitioner is a Washington state prisoner housed in an out-of-state facility, he should also name the Washington Attorney General as a respondent.

## II.  CONCLUSION

Because it is reasonable to expect Petitioner to incur the costs to proceed with his petition, the undersigned recommends that the Court order Petitioner to pay the $5.00 filing fee to proceed with this

REPORT AND RECOMMENDATION
Page - 2

action **within thirty (30) days** of the Court's order and to amend his petition to properly name the person having custody over him (in addition to the Washington Attorney General).

Pursuant to 28 U.S.C. § 636(b)(1) and Rule 72(b) of the Federal Rules of Civil Procedure, the parties shall have ten (10) days from service of this Report and Recommendation to file written objections thereto. *See also* Fed.R.Civ.P. 6.  Failure to file objections will result in a waiver of those objections for purposes of appeal. *Thomas v. Arn*, 474 U.S. 140 (1985).  Accommodating the time limit imposed by Fed. R. Civ. P. 72(b), the clerk is directed set this matter for consideration on **July 18, 2008**, as noted in the caption.

Dated this  24th  day of June, 2008.

Karen L. Strombom
United States Magistrate Judge