UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

DENVER G. SMITH,

    Petitioner,

v.

TIMOTHY WENGLER, *et al.*,

    Respondents.

Case No. C08-5349 BHS/KLS

ORDER DENYING MOTION FOR
THE APPOINTMENT OF COUNSEL

This 28 U.S.C. § 2254 petition has been assigned to United States Magistrate Judge Karen L. Strombom pursuant to 28 U.S. C. § 636(b)(1) and Local MJR 3 and 4. Petitioner has filed a motion for the appointment of counsel to represent him in this habeas proceeding. Dkt. # 9. Having reviewed Petitioner's motion, the Court finds, for the reasons set forth below, that it should be denied.

There is no right to have counsel appointed in cases brought under 28 U.S.C. § 2254 unless an evidentiary hearing is required, because the action is civil, not criminal, in nature. *See Terravona v. Kincheloe,* 852 F.2d 424, 429 (9th Cir. 1988); *Brown v. Vasquez*, 952 F.2d 1164, 1168 (9th Cir. 1992); and Rule 8(c) of the Rules Governing Section 2254 Cases in the United States District Courts. An evidentiary hearing has not been granted in this case and the claims in the petition are adequately set

ORDER- 1

forth and articulated. Petitioner has not demonstrated that an evidentiary hearing is necessary or that he is entitled to one.

The decision to hold a hearing is committed to the court's discretion. *Williams v. Woodford*, 306 F.3d 665, 688 (9th Cir. 2002). The petitioner bears the burden of showing the need for a hearing. *Pulley v. Harris*, 692 F.2d 1189, 1197 (9th Cir. 1982), rev'd on other grounds, 465 U.S. 37 (1984); Baja v. Ducharme, 187 F.3d 1075 (9th.Cir. 1999). An evidentiary hearing is not required unless the petitioner "alleges facts which, if proved, would entitle him to relief." *Townsend v. Sain*, 372 U.S. 293, 312 (1963). The petitioner must produce some evidence demonstrating the existence of a genuine question of material fact. *Morris v. State of California*, 966 F.2d 448, 454-55 (9th Cir. 1991), cert. denied, 506 U.S. 831 (1992) ("wishful suggestions cannot substitute for declaratory or other evidence.") A hearing is not required if the claim presents a purely legal question, or if the claim may be resolved by reference to the state court record. *Campbell v. Wood*, 18 F.2d 662, 679 (9th Cir.) (en banc), cert. denied, 114 S. Ct. 2125 (1994).

The Court finds that any ruling on Petitioner's request for counsel is premature as the Court has not yet completed its determination of whether the claims presented by Petitioner may be resolved solely by reference to the state court record and therefore, whether an evidentiary hearing may be necessary. Petitioner's request for the appointment of counsel is linked to the granting of an evidentiary hearing. *See* Rule 8(c), 28 U.S.C. foll. § 2254. (If an evidentiary hearing is required, the Court may appoint counsel for a petitioner who qualifies under 18 U.S.C. § 3006(A)(g)). For this same reason, Petitioner's request that his motion to proceed *in forma pauperis* be reconsidered in light of his motion for the appointment of counsel shall also be denied.

Accordingly, it is **ORDERED**:

(1) Petitioner's motion for appointment of counsel and for reconsideration of his motion to proceed *in forma pauperis* (Dkt. # 9) is **DENIED as premature**; and

ORDER- 2

(2)     The Clerk is directed to send copies of this order to Petitioner and counsel for Respondents.

DATED this ___24th___ day of October, 2008.

*Karen L. Strombom*
Karen L. Strombom
United States Magistrate Judge

ORDER- 3