UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

DENVER G. SMITH,

    Petitioner,

v.

TIMOTHY WENGLER and ROB MCKENNA,

    Respondents.

Case No. C08-5349BHS

ORDER OVERRULING PETITIONER'S OBJECTIONS AND ADOPTING REPORT AND RECOMMENDATION

This matter comes before the Court on the Report and Recommendation of the Honorable Karen L. Strombom, United States Magistrate Judge (Dkt. 34) and Petitioner's objections to the Report and Recommendation (Dkt. 35).

**I. PROCEDURAL HISTORY**

On September 12, 2008, Petitioner Denver G. Smith filed a Petitioner for Writ of Habeas Corpus (Dkt. 7) and an Amended Petition (Dkt. 8). On March 20, 2009, Judge Strombom issued a Report and Recommendation and recommended that the Court should dismiss Petitioner's habeas claims numbered two through nine because those claims were unexhausted and Petitioner was procedurally barred from filing another personal restraint petition in the Washington State courts. Dkt. 23, at 1. With regard to Petitioner's first claim for relief, Judge Strombom found that it had been properly exhausted in the state courts and that the petition should be re-referred for further proceedings on that claim. *Id.* at 11. On April 30, 2009, the undersigned adopted that Report and Recommendation. Dkt. 25. This

ORDER – 1

matter was then re-referred to Judge Strombom for additional briefing and further consideration of Petitioner's first claim for relief.

On October 6, 2009, Judge Strombom issued a Report and Recommendation and recommended that Petitioner's first ground for relief be denied and that the petition be dismissed with prejudice. Dkt. 34. On October 21, 2009, Petitioner filed objections to the Report and Recommendation. Dkt. 35.

## II. FACTUAL BACKGROUND

In Petitioner's direct appeal of his conviction, the Washington Court of Appeals summarized the facts of the case as follows:

> Smith's wife, Gisela, suffered a significant blow to her forehead on August 26, 2003. Smith summoned Lacey police at about 3 a.m. He told them that he had fallen asleep at his computer and had been awakened by some sound upstairs. He thought it sounded like his wife was being sick, and he started to go upstairs, but the lights were not working. He found some circuit breakers tripped, and the garage and inner door were slightly open. He went upstairs and found his wife sitting in the bathtub, nude. Her head was bleeding, and she was holding a safety razor in her hand.
> The officers found a 25 pound weight in the master bedroom under some towels. Some of Gisela Smith's blood was on it. Her neurosurgeon, Dr. Joseph Arquelles, testified that her injury could clearly have been caused by the weight. Smith initially suggested that his wife may have tried to commit suicide, but after the police discovered the weight, he speculated that an intruder could have come into the house through the garage and crept past him as he slept. He said the weight had been in the garage.
> Ultimately Lacey Detective David Miller interviewed Smith at the precinct. He told Smith he believed it was Smith who injured his wife. Smith then told Detective Miller that he had been sitting down at his computer thinking about all of the problems in his marriage, and he became enraged. He said he was going to take the weight upstairs and drop it on the floor beside the bed where his wife was sleeping, to scare her and confront her with the problems. However, he accidentally hit her with it. At the trial, Smith denied having anything to do with his wife's injury. He testified that he had made the confession because Detective Miller said he could not see his wife unless he confessed.
> The State also presented evidence that Smith had a girlfriend in the Philippines, and she believed they were going to be married in December. Gisela had attempted suicide a year earlier, after she learned of the affair. Smith had known that she was in the garage with the car engine turned on, but he had not intervened. Later, he told her that if she had succeeded, all of his problems would be over. In addition, approximately six months before this incident, Smith and Gisela had been in bed together, and he had put his hand over her mouth and pinched her nose shut, and she had kicked him to make him let go.

ORDER – 2

> Gisela Smith acknowledged the prior incidents, but sought to minimize them. She testified that she could not remember everything from the night of the incident, but she had seen her assailant, and it was not her husband.

Dkt. 21, Exh. 6, pp. 2-4.

## III. DISCUSSION

A petitioner may file objections to a magistrate judge's findings and recommendations regarding the petition for writ of habeas corpus. Fed. R. Civ. P. 72(b). Once objections are filed, the

> district judge must determine de novo any part of the magistrate judge's disposition that has been properly objected to. The district judge may accept, reject, or modify the recommended disposition; receive further evidence; or return the matter to the magistrate judge with instructions.

*Id.*

In the Report and Recommendation regarding Petitioner's first claim for relief, Judge Strombom made findings and a recommendation as follows:

> The decision by the Washington Court of Appeals regarding Mr. Smith's first ground for relief was not contrary to or an unreasonable application of clearly established federal law, as determined by the U.S. Supreme Court. Thus, Mr. Smith is not entitled to federal habeas relief on his first claim and the undersigned recommends that it should be denied.

Dkt. 34 at 22. Petitioner filed a detailed and well articulated brief as objections to that Report and Recommendation. Dkt. 35. Although labeled as "objections," Petitioner essentially reiterates his original arguments regarding his claim for relief. *Compare* Dkt. 30 *with* Dkt. 35. Giving Petitioner the benefit of considering these reiterated arguments as proper objections, the Court has carefully reviewed the entire record. After that review, the Court adopts Judge Strombom's finding that the state court decision "was not contrary to or an unreasonable application of clearly established federal law, as determined by the U.S. Supreme Court." Dkt. 34 at 22. In addition, the Court finds that Petitioner has failed to show that the state court adjudication "resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented." *See* 28 U.S.C. § 2254 (d)(2).

ORDER – 3

Therefore, the Court denies Petitioner's first claim for federal habeas relief.

## IV. ORDER

The Court having considered the Report and Recommendation, Petitioner's objections, and the remaining record, does hereby find and order:

(1) The Court **OVERRULES** Petitioner's Objections;

(2) The Court adopts the Report and Recommendation; and

(3) This action is **DISMISSED**.

DATED this 10th day of December, 2008.

BENJAMIN H. SETTLE
United States District Judge

ORDER – 4